[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11977
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00201-CG-B-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRIE DEWAYNE DEES,
a.k.a. Dee-Bo,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(February 26, 2015)

Before HULL, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Darrie Dewayne Dees appeals his conviction for being a felon in possession of a firearm. He argues that the district court abused its discretion by denying his motion, under Rule 18 of the Federal Rules of Criminal Procedure, to hold his trial in Selma, Alabama, instead of Mobile, because it prevented him from being tried by a jury comprised of jurors who live near Selma and are more comparable to him in racial and socioeconomic terms. He also argues that the court violated the Fifth and Sixth Amendments and the Jury Selection and Service Act (JSSA), 28 U.S.C. §§ 1861 et seq., by seating a jury drawn from the district-at-large instead of solely from the Northern Division of the Southern District of Alabama. We will address each argument in turn.

## I. Rule 18

A district court has discretion to fix the place of a trial in any division within the district, and we review the district court's decision only for abuse of discretion. *United States v. Betancourt,* 734 F.2d 750, 755–56 (11th Cir. 1984).

Rule 18 states:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense *in a district where the offense was committed*. The court must set the place of trial *within the district* with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Fed. R. Crim. P. 18 (emphasis added).

> Rule 18 allows a court to consider the prompt administration of justice in fixing the place of trial, and matters of security clearly fall within

2

that consideration.  In addition, the prompt administration of justice includes more than the case at bar; the phrase includes the state of the court's docket generally. The court must balance not only the effect the location of the trial will have upon the defendants and their witnesses, but it must weigh the impact the trial location will have on the timely disposition of the instant case and other cases.

*United States v. Merrill*, 513 F.3d 1293, 1304 (11th Cir. 2008) (citations and internal quotation marks omitted).

The district court did not abuse its discretion by denying Dee's motion to fix the trial in Selma.  The court considered Dees's convenience and that of the witnesses in holding trial in Selma but found the convenience interests outweighed by security and safety concerns in both Selma and Mobile, as well as issues concerning the prompt administration of justice in Mobile.  The district court found that a trial in Selma would require temporarily transferring court security officers from Mobile to Selma.  This, in turn, would negatively impact the security of the Mobile courthouse and would force that court to put all trials and hearings on hold while the government tried Dees in Selma.  *See id.*  Moreover, structural issues, including withering ceiling tiles and asbestos in the Selma courthouse, weighed against holding trial there.

As such, the court considered all of the Rule 18 factors and found that they favored leaving the trial in Mobile.  Dees may disagree with the weight accorded to some of the factors the district court considered, but that is not grounds for finding an abuse of discretion.  *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291,

3

1293 (11th Cir. 1999) (noting that disagreement with the district court does not support finding an abuse of discretion). Accordingly, we affirm in this respect.

## II. Fifth and Sixth Amendments and the JSSA

We review de novo constitutional challenges to jury selection processes. *United States v. Grisham*, 63 F.3d 1074, 1077 (11th Cir. 1995). We also review de novo claims under the JSSA. *United States v. Carmichael*, 560 F.3d 1270, 1277–79 (11th Cir. 2009).

## A. Fifth Amendment

To establish a Fifth Amendment equal protection violation in the jury selection context, a defendant must show "(1) that he or she is a member of a group capable of being singled out for discriminatory treatment, (2) that members of this group were substantially underrepresented on the venire, and (3) that the venire was selected under a practice providing an opportunity for discrimination." *Cunningham v. Zant*, 928 F.2d 1006, 1013 (11th Cir. 1991). Dees did not present any data or argument to support the second element of his equal protection argument. Rather, he only asserts that the Northern Division has a higher proportion of African-Americans living within its area. It does not follow that African-Americans were underrepresented on the venire. Therefore, he failed to establish a prima facie case of a Fifth Amendment violation. *See id.*

## B. Sixth Amendment

4

The Sixth Amendment to the United States Constitution guarantees a speedy and public trial in the state and district "where the crime was committed, but there is no constitutional right to trial within a division." *Betancourt,* 734 F.2d at 756 (citing *United States v. Anderson,* 328 U.S. 699, 704, 705, 66 S. Ct. 1213, 1216, 1217 (1946)). The Supreme Court has explained that this requires "the selection of a petit jury from a representative cross section of the community." *Taylor v. Louisiana*, 419 U.S. 522, 528, 95 S. Ct. 692, 697 (1975). The judicial district of the United States Courts satisfies the "district" and "community" requirements. *See Grisham*, 63 F.3d at 1079–80 (rejecting defendant's argument that the Sixth Amendment requires a venire from the division where the crime occurred).

To establish a prima facie violation of this constitutional requirement, the defendant must demonstrate:

> (1) that the group alleged to be excluded is a "distinctive" group in the community;
>
> (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and
>
> (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364, 99 S. Ct. 664, 668 (1978). Failure to establish any one of these elements results in the failure of the entire Sixth Amendment claim. *United States v. Pepe*, 747 F.2d 632, 649 (11th Cir. 1984). To

5

determine whether jury representation is fair and reasonable, we will only look to the "absolute disparity produced by the selection process," which, in such cases, means there must be more than a ten percentage point disparity between the percentage of the group in the population and the percent of the group in the jury pool. *Id.* (internal quotation marks omitted). The community to which the venires are compared is the district, not the division. *See Grisham*, 63 F.3d at 1079–80. Dees did not present below to the district court nor does he provide on appeal any data that would establish the second criterion for a prima facie violation of the Sixth Amendment fair cross-section requirement. *See Pepe*, 747 F.2d at 649.

## C. JSSA

The JSSA provides that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. For a violation of the JSSA to be substantial, and thus provide relief, it must frustrate one of the core principles underlying the statute, such as the fair cross-section principle. *Carmichael*, 560 F.3d at 1277. The standard for assessing a JSSA fair cross-section violation is the same as that used to determine a fair cross-section violation under the Sixth Amendment. *United States v. Rodriguez*, 776 F.2d 1509, 1510 n.1 (11th Cir. 1985). Therefore, because his Sixth Amendment claim fails, his JSSA claim also fails.

6

**AFFIRMED.**